# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6499 | **DATE** | 5/21/2003 |
| **CASE TITLE** | | Strong vs. Barnhart | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion for attorney fees under the Equal Access to Justice Act [17-1] is granted. Plaintiff is awarded attorney's fees in the amount of $6,179.06. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 22 2003 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/21/2003 | |
| KF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in U.S. Central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
MAY 2 2 2003

| | |
|---|---|
| BETTY STRONG | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 01 C 6499<br>) |
| JO ANNE BARNHART,<br>Commissioner of Social<br>Security | )<br>) Magistrate Judge Mason<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

The facts underlying plaintiff's complaint and the procedural history of this case are set out in our previous opinion, *Strong v. Barnhart*, No 01 C 6499, 2002 WL 31415714 (N.D. Ill. Oct. 23, 2002), and therefore will be mentioned only briefly here. On December 29, 2000, Administrative Law Judge ("ALJ") McGuire held an administrative disability hearing in which he denied plaintiff, Betty Strong, disability insurance benefits ("DIB") under the Social Security Act. ALJ McGuire concluded, in his opinion, that plaintiff could perform her past relevant work as a circuit board assembler and that she was not disabled. Plaintiff requested review of that decision by the Appeals Council, but the Council declined to assume jurisdiction over the ALJ's decision. On October 22, 2002, this court vacated the denial and remanded the case back to the Social Security Administration for further proceedings. This was done on the basis that the ALJ failed to create "an 'accurate and logical bridge' between the evidence and his conclusion [that plaintiff could] perform medium work," and that the Appeals Council erred as a matter of



law when it failed to seek interpretation of the MRI results from the Medical Support Staff before declining jurisdiction. *Strong*, 2002 WL 31415714, at *6 (citing *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000)). On December 13, 2002, plaintiff applied for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). As we explain below, we grant plaintiff's application for attorney's fees in the amount of $6,179.06.

## Standard of Review

Under the EAJA, a court shall award attorney's fees and expenses to a prevailing party other than the government unless the court finds that the position of the government was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner's position is substantially justified, even if not correct, "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)); *see also Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991). As plaintiff is the prevailing party,[1] the Commissioner bears the burden of proving that her position was substantially justified.

## Analysis

Plaintiff presents two arguments as to why the Commissioner's position was not substantially justified: first, because the ALJ failed to create an "accurate and logical bridge" between the available evidence and his conclusion; and, second, because the

---

[1] Plaintiff's case was disposed of pursuant to sentence four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 296-8 (1993).

Appeals Council erred as a matter of law when it refused to review the case after failing to seek interpretation of certain MRI results. We consider each of plaintiff's arguments in turn.

Plaintiff first argues that the Commissioner's position was not substantially justified because the ALJ failed to create an "accurate and logical bridge" between the available evidence and his conclusion. Defendant, in response, argues that the Commissioner's position was substantially justified, even though ultimately found to be incorrect, since the ALJ considered and discussed evidence in his decision which reasonably supported his findings that plaintiff could return to her past work as a circuit board assembler.

We agree with defendant. The record reflects, and our opinion acknowledges, the various conflicting evidence before the ALJ which led him to discount the expert opinion of one doctor over that of another. While the ALJ failed to descriptively articulate the reasoning behind all of his conclusions, we agree with defendant that there was enough evidence on which the Commissioner could have justifiably relied to support her conclusion that plaintiff was not entitled to benefits. *See Townsend v. Barnhart*, No. 99 C 1971, 2002 WL 1949737, at *2 (N.D. Ill., Aug. 3, 2002) (finding there was enough evidence which conflicted with the plaintiff's position on which the Commissioner could have justifiably relied). Thus, we find that plaintiff's first argument fails to show that the Commissioner's position was not substantially justified.

Plaintiff next argues that the Commissioner's position was not substantially justified because the Appeals Council committed an error of law – namely, it substituted its lay opinion regarding the significance of the MRI results for that of a physician by

reviewing the evidence and then declining to assume jurisdiction. Defendant responds that, even though the Appeals Council was ultimately found to be incorrect, it acted reasonably (and thus so did the Commissioner) in concluding that the later-submitted MRI did not warrant additional inquiry by the Medical Support Staff. In support of this contention, defendant points out that the MRI submitted to the Appeals Council was consistent with earlier MRI results that had been presented to the ALJ.

Plaintiff, in support of her contention that the Appeals Council's error of law was not reasonable, cites *Bauzo v. Bowen*, 803 F.2d 917, 926 (7th Cir. 1986) for the proposition that "[n]either the Appeals Council nor this court is qualified to make [a] medical judgment about residual functional capacity based solely on bare medical findings." Plaintiff also argues – citing 20 CFR § 404.970(b) – that the law is clear that the Appeals Council will review a case if new and material evidence is submitted to the Appeals Council which relates to the period before the date of the ALJ's decision. According to plaintiff, because the Commissioner failed to comply with these established laws and regulations, its position was not substantially justified.

After considering the arguments presented, we agree with plaintiff that the Commissioner's position was not substantially justified based on the Appeals Council's legal error in this case. Contrary to defendant's arguments, we do not believe the Appeals Council acted reasonably when it concluded that the later-submitted MRI did not warrant additional inquiry and thereby substituted its lay opinion regarding the significance of MRI results for that of a physician. As such, we find that the Commissioner's position was not substantially justified.

## Conclusion

Because we find that the Commissioner's position was not substantially justified, we grant plaintiff's application for attorney's fees. As for the amount of fees to be awarded, plaintiff seeks payment for 42.25 hours at a rate of $146.25 per hour. Defendant did not object to either the number of hours or the hourly rate, and we see no reason to object to these figures, either. Thus, for the foregoing reasons, plaintiff is awarded attorney's fees in the amount of $6,179.06. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: May 21, 2003